STATE OF WEST VIRGINIA

FILED

March 10, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PAMELA J. EARNEST,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0895** (BOR Appeal No. 2046823)
(Claim No. 2010098006)

**GUMBYS, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pamela J. Earnest, by Jonathan C. Bowman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Gumbys, LLC, by Lucinda L. Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 29, 2012, in which the Board reversed a January 4, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's December 29, 2009, decision granting the claimant a 7% permanent partial disability award for the cervical spine, left knee, and left hip. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Earnest was injured in the course of her employment when she tripped over a small dog. Her claim was held compensable for sprain of the neck, left hip, and left knee. In an independent medical evaluation on October 26, 2009, Sushil Sethi, M.D., found that Ms. Earnest's neck and thigh were improved, her hip rarely ever bothered her, and she was experiencing no problems with her left knee. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th Edition, 1993), he determined that she suffered from 3% impairment of her left hip, 4% impairment of her left knee, and 0% impairment of her

cervical spine. On December 29, 2009, the claims administrator awarded Ms. Earnest a 7% permanent partial disability award for the cervical spine, left hip, and left knee.

On April 8, 2010, Ms. Earnest underwent an independent medical evaluation by Bruce Guberman, M.D. She reported constant pain in her left knee and left hip as well as intermittent pain in her cervical spine that radiated into her shoulders and arms. Using the American Medical Association's *Guides*, Dr. Guberman found that she had 4% left knee impairment, 2% left hip impairment, and 8% cervical spine impairment for a combined total of 14% whole person impairment. He noted that Dr. Sethi recommended 3% impairment for the left hip, but the American Medical Association's *Guides* do not provide for that percentage. He also noted that Dr. Sethi failed to explain how he determined that Ms. Earnest suffered from 4% impairment of her left knee. Dr. Sethi reported normal range of motion for the left knee which would not qualify her for an impairment under the American Medical Association's *Guides*.

Ms. Earnest underwent an independent medical evaluation by Victoria Langa, M.D., on September 29, 2011. Dr. Langa found that Ms. Earnest's compensable conditions had all resolved. She found no tenderness in the cervical spine, left knee, or left hip. She also found that Ms. Earnest had normal range of motion in all areas. Using the American Medical Association's *Guides*, Dr. Langa assessed 0% impairment for each condition.

The Office of Judges reversed the decision of the claims administrator in its January 4, 2012, Order. The Office of Judges determined that Dr. Guberman's ratings were far out of proportion. It found that the symptoms he noted in his report may have been present at the time of the examination, but when Ms. Earnest was examined by Dr. Langa nine months later, the symptoms were gone. The Office of Judges therefore concluded that the conditions reported by Dr. Guberman must have been temporary and not permanent. The Office of Judges noted that Ms. Earnest's treatment has been primarily for her lower back. It determined that she had little to no treatment for her neck, hip, and knee. The Office of Judges ultimately decided that Dr. Langa's report was the most reliable and accurate report of Ms. Earnest's current conditions. The Office of Judges determined that her prior conditions were intermittent and not repeated in the examinations by Dr. Sethi and Dr. Langa. Because permanent partial disability is for permanent conditions, the Office of Judges held that Ms. Earnest was not entitled to a permanent partial disability award. It also held that the previously awarded 7% permanent partial disability award was to be recovered as overpayments.

The Board of Review reversed the decision of the Office of Judges and held, in its June 29, 2012, decision, that Ms. Earnest was entitled to a 6% permanent partial disability award. The Board of Review found that Dr. Guberman's recommendations for the left hip and left knee were reliable. However, it determined that his recommendation for the cervical spine was not reliable. It concluded that the evaluations of Dr. Sethi and Dr. Langa failed to show any impairment of the cervical spine. Dr. Sethi reported that Ms. Earnest was experiencing no problems with her neck, and Dr. Langa found that she had full range of motion of her neck and no evidence of radiculopathy. The Board of Review ordered that Ms. Earnest receive a 6% permanent partial disability award based on the evidentiary record.

2

This Court agrees with the reasoning and conclusions of the Board of Review. Dr. Guberman's assessment that Ms. Earnest suffers from 2% impairment to her left hip and 4% impairment to her left knee is reliable. However, his assessment of 8% impairment for the cervical spine is not credible. Accordingly, the decision of the Board of Review is supported by the evidentiary record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II